IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MASON YOUNT,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **FREEDOM HOME OFFERS LLC,** a Florida company, <br><br> *Defendant.* | Case No. <br><br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Mason Yount ("Yount" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Freedom Home Offers LLC. ("Freedom Home Offers" or "Defendant") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to consumers without consent, and to otherwise obtain injunctive and monetary relief for all persons injured by Freedom Home Offers' conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Yount is an Indianapolis, Indiana resident.

2. Defendant Freedom Home Offers is a Florida company headquartered in Fort Lauderdale, Florida. Freedom Home Offers conducts business throughout Florida and other parts of the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant because Defendant is based in and conducts business from this District. The venue is proper under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case was directed to Plaintiff from this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2021 alone, at a rate of 147.6 million per day. www.robocallindex.com (last visited May 11, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## FREEDOM HOME OFFERS

14. Freedom Home Offers is a property investment company which purchases properties from their owners for cash.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://freedomhomeoffers.com/

15. Freedom Home Offers engages in aggressive telemarketing and cold calling to find consumers who are looking to sell their properties.

16. Freedom Home Offers places pre-recorded calls in which the caller identifies themselves as an agent named "Amy". In this voice message, the agent, Amy, asks the consumers if they are interested in selling a property.

17. Multiple consumers have posted pre-recorded voicemail messages that they received from the phone number 317-953-0018 on Youmail.com. The Plaintiff was also called from the same number and received a similar voicemail message as these pre-recorded voice messages from an agent identifying herself as Amy:



18. Freedom Home Offers places these pre-recorded calls to consumers' phone numbers without first obtaining their prior express consent.

---

[4] https://directory.youmail.com/directory/phone/3179530018

4

19. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring the Defendant to stop making pre-recorded voice calls to consumers without their consent as well as an award of statutory damages to the members of the Class with costs.

**PLAINTIFF'S ALLEGATIONS**

**Freedom Home Offers Placed a Pre-recorded Call to the Plaintiff Without His Consent**

20. On April 27, 2021 at 10:01 AM, Plaintiff received a text message from the phone number 833-303-1082 to his cell phone.



*Figure 1 - Text received on April 27, 2021*

21. The voicemail message which plays when this number 833-303-1082 is called starts with, "Hi, this is Roman with Freedom Home Offers". The "about us" page of the

Defendant's website shows that Roman Melbourne is an employee of the company.[5] Hence it is clear that this number 833-303-1082, from which the unsolicited text message was sent to the Plaintiff, belongs to the Defendant.

22. On April 28, 2021 at 1:20 PM, Plaintiff received a call from phone number 317-953-0018 on his cell phone.

23. Plaintiff did not answer this call.

24. The caller left a pre-recorded voicemail on Plaintiff's cell phone in which an agent identifying herself as "Amy" stated that she was looking to purchase a home for cash and that she was not a realtor.

25. This pre-recorded message was very similar to the pre-recorded voicemails that other consumers complained of receiving from the same phone number, 317-953-0018, from which the Plaintiff was also called.

26. If one calls this number 317-953-0018, they would be connected to speak with an agent from the Defendant's company, Freedom Home Offers.

27. The Plaintiff does not have any existing business relationship with Freedom Home Offers, or any of its affiliated companies. The Plaintiff did not provide his consent to the Defendant to contact him in any way.

28. Simply put, Freedom Home Offers did not obtain Plaintiff's prior express written consent to place any pre-recorded telephone calls to the Plaintiff.

29. Defendant's unauthorized telephone call, in violation of the TCPA, harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

---

[5] https://freedomhomeoffers.com/about-us/

30. Seeking redressal for these injuries, Yount, on behalf of himself and Class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits pre-recorded calls to cellular phone numbers.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a pre-recorded voice message.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

33. **Typicality:** Plaintiff's claims are typical of the Class's claims because they arise from the same telemarketing campaign by the Defendant.

34. **Numerosity**: On information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether the Defendant used a pre-recorded voice message while calling the Plaintiff and the members of the Class;
>
> (b) whether the Defendant placed pre-recorded voice calls to the Plaintiff and the members of the Class without first obtaining their consent to call them;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages since the Defendant violated the TCPA willfully and with knowledge of the violation.

36. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

37. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class

uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

Telephone Consumer Protection Act

(Violations of 47 U.S.C. § 227)

(On Behalf of Plaintiff Yount and the Pre-Recorded No Consent Class)

38. Plaintiff repeats and realleges paragraphs 1 through 37 of this Complaint and incorporates them by reference.

39. Defendant and/or its agents made unwanted telephone calls to Plaintiff and the other members of the Pre-Recorded No Consent Class using a pre-recorded voice.

40. These pre-recorded voice calls were made *en masse* without the consent of the Plaintiff and the other members of the Pre-Recorded No Consent Class.

41. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-Recorded No Consent Class are each entitled to a minimum of $500 in damages for each violation, and up to $1,500 in damages for each violation in the event that the Court determines that Defendant acted willfully and knowingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unlawful calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**MASON YOUNT**, individually and on behalf of those similarly situated individuals

Dated: May 12, 2021

*/s/ Stefan Coleman*
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*